# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

Joe Hand Promotions, Inc.,

        Plaintiff,

v.                                  Civ. No.15-00100-MV-KBM

Roger Kay
E&R Spirits, LLC,
Estrella Promotions, Inc., and
Gene Chavez and Aidee Rueda

        Defendants.

---

*Appearances:*
*For the Plaintiff:*
DATHAN WEEMS
118 Wellesley Dr., SE
Albuquerque, NM 87106

*For the Defendants:*
*Roger Kay and E&R Spirits, LLC:*
LEEANN WERBELOW
MATTHEW B. LANDESS
LASTRAPES, SPANGLER & PACHECO, PA
333 Rio Rancho Dr.
Suite 401
Rio Rancho, NM 87124

*Estrella Promotions, Inc., Gene Chavez and*
*Aidee L. Rueda:*
GENE N. CHAVEZ (*pro se*)
CHAVEZ LAW OFFICES PA
1220 5th St. NW
Albuquerque, NM 87102

1

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Gene Chavez and Aidee Rueda's (the "Individual Defendants") Motion for Summary Judgment, filed on February 5, 2016 [Doc. 39]. Plaintiff Joe Hand Promotions, Inc. ("Joe Hand" or "Joe Hand Promotions"), filed a Response in Opposition on February 22, 2016 [Doc. 41]. The Individual Defendants did not file a reply, and instead filed a notice that their briefing was complete as of April 19, 2016 [Doc. 45]. The facts in this matter are largely not in dispute for the purpose of this motion, and the primary question of law before this Court is whether, as a matter of first impression, the standard applied in the context of copyright law for "piercing the corporate veil" should also be applied in cases of broadcast piracy.

The Court, having considered the motions, briefs, and relevant law, agrees with the majority of federal courts that the copyright standard should apply to broadcast piracy and consequently finds that the Individual Defendants' Motion will be **DENIED**.

### BACKGROUND

This case is one of a string of federal cases in this district and across the country that seeks to enforce federal broadcast piracy laws against the owners of bars that unlawfully stream sporting events to their patrons. *See, e.g.*, *Joe Hand Promotions, Inc. v. Clark*, No. 16-2154, 2016 WL 3124854 (D. Kan. June 3, 2016); *Joe Hand Promotions, Inc. v. C.J.'s Sports Bar, LLP*, No. 13-02402, 2014 WL 4636421 (D. Colo. Sept. 16, 2014); *Joe Hand Promotions, Inc. v. Dugout, LLC*, No. 13-00821, 2013 WL 5323403 (D. Colo. Sept. 23, 2013); *Joe Hand Promotions, Inc. v. Kunkel*, No. 11-171, 2012 WL 3156851 (E.D. Okla. Aug. 3, 2012); *Joe Hand Promotions, Inc. v. Ducummon*, No. 11-278, 2012 WL 1410262 (N.D. Okla. Apr. 23, 2012).

The question presented in the instant Motion for Summary Judgment is: what standard should apply when holding an individual corporate owner or officer liable for corporate misconduct under federal broadcast piracy laws? Defendants assert that the heightened standard used in *Joe Hand Promotions, Inc. v. Sharp*, is most applicable. 885 F. Supp. 2d 953, 956 (D. Minn. 2012) (requiring a plaintiff to show that "no distinction" exists "between the individual's actions and that of his corporation."). Joe Hand Promotions argues that the lower standard used in an unpublished case from the District of Colorado should be applied. *See DIRECTV, LLC v. Taylor*, No. 13-2551, 2014 WL 3373448, at *2 (D. Colo. July 10, 2014) ("the plaintiff need only show that the individual defendant had the 'right and ability to supervise' the violations, and that she had a 'strong financial interest' in exploiting the [pirated] materials" in order to find an individual liable for the piratical acts of a corporation). Federal courts are split on the issue (*see infra*) and this appears to be a matter of first impression unaddressed by the Tenth Circuit.

## I.   <u>Undisputed Material Facts</u>[1]

Copa Cabana Nightclub is a bar in Albuquerque, New Mexico located at 4100 Central Ave, SE. Doc. 41-1, Investigator Affidavit, at 1. Estrella Promotions, Inc. owns Copa Cabana Nightclub. Doc. 41, Opp. to MSJ, at 2, ¶ 1. Estrella Promotions, Inc. is incorporated in the State of New Mexico. Doc. 39, Defs. MSJ, at 1 ¶ 2; Doc. 41, Opp. to MSJ, at 2, ¶¶ 1–3. The Individual Defendants jointly own and operate Estrella Promotions, Inc. Doc. 41, Opp. to MSJ, at 2, ¶¶ 2–7. On February 23, 2013, the Ultimate Fighting Championship ("UFC") Women's Bantamweight Championship between Rhonda Rousey and Liz Caramouche (the

---

[1] Unless the Court indicates otherwise, to the extent any of these facts are disputed, the Court concludes they are not material to the disposition of the instant motion. Further, to the extent the Court relies on evidence to which the parties have objected, the Court has considered and overruled those objections. As to any remaining objections, the Court finds it unnecessary to rule on them because the Court did not rely on the disputed evidence.

"Championship Fight") was displayed in Copa Cabana Nightclub.  Doc. 41, Opp. to MSJ, at 2, ¶ 1.

Joe Hand Promotions is a commercial distributor of television sporting events such as the Championship Fight and is a Pennsylvania corporation headquartered in Pennsylvania.  Doc. 16, 1st Amend. Compl., at 2 ¶ 8.  Doc. 41, Opp. to MSJ, at 1.  Joe Hand Promotions alleges that it paid for and received exclusive nationwide television distribution rights to the Championship Fight.  Doc. 16, 1st Amend. Compl., at 2 ¶ 10; Doc. Doc. 41, Opp. to MSJ, at 1.  Joe Hand Promotions further alleges that Roger Kay E&R Spirits, LLC, Estrella Promotions, Inc., and Gene Chavez and Aidee Rueda ("Defendants"), without paying the required fee, showed the Championship Fight at the Copa Cabana Night Club on February 23, 2013 in violation of 47 U.S.C. § 605 and 47 U.S.C. § 553.  Doc. 16, 1st Amend. Compl., at 2 ¶¶ 13–14; Doc. 41, Opp. to MSJ, at 1.  Defendants dispute these allegations.   *See* Doc. 21, Answer to 1st Amend. Compl., at 3 ¶¶ 13–14.

The Individual Defendants are represented by Mr. Chavez, an attorney, pro se.  *See* Doc. 21, Answer to 1st Amend. Compl., at 1.

### II.   <u>Procedural History</u>

Joe Hand Promotions initiated this lawsuit on February 5, 2015.  Doc. 1, Compl.  On June 30, 2015, Joe Hand Promotions filed its First Amended Complaint for Violation of the Cable & Television Consumer Protections and Competition Act of 1992 and common law conversion.  Doc. 16, 1st Amend. Compl.  The First Amended Complaint alleges that Joe Hand Promotions is entitled to up to $100,000 in damages for Defendants' commercial display of the Championship Fight under 47 U.S.C. § 605 (plus attorney fees) (Count I), up to $50,000 in damages (plus attorney fees) for Defendants' commercial display of the Championship Fight

under 47 U.S.C. § 553 (Count II), and the entire value of the profits received for the commercial display of the fight under the doctrine of conversion (Count III).  Doc. 16, 1st Amend. Compl., at 3–4.  The Court exercises jurisdiction over the conversion claim under the Court's supplemental jurisdiction over pendant claims.  28 U.S.C. § 1367.

On July 15, 2015, E&R Spirits, LLC and Roger Kay filed their Answer to Amended Complaint and Crossclaim Against the Individual Defendants and Estrella Promotions, Inc.  Doc. 17, Answer to 1st Amended Complaint and Crossclaim.[2]  On October 2, 2015, the Individual Defendants and Estrella Promotions, Inc. filed their Answer to Amended Complaint.  Doc. 21, Answer to 1st Amended Complaint.

After a rocky start to discovery that included numerous false starts, improper appearances, and at least one show-cause hearing, *see* Docs. 6, 12, 18–20, 22, and 28–35, United States Chief Magistrate Judge for the District of New Mexico, Karen B. Molzen, scheduled the close of discovery for May 16 of 2016.  Doc. 33, Scheduling Order.

On February 5, 2016, the Individual Defendants moved for summary judgment on the theory that they could not be held individually liable for the acts committed by their corporation, Estrella Promotions, Inc.  Doc. 39, MSJ, at 3–5.  Joe Hand Promotions filed a Response in Opposition on February 22, 2016 that explained its theory of individual liability.  Doc. 41, Doc. 41, Opp. to MSJ, at 3–5.  The Individual Defendants did not file a reply, and instead filed a notice that the briefing was complete as of April 19, 2016.  Doc. 45, Notice of Briefing Complete.

---

[2] On April 4, 2016, Defendants Roger Kay and E&R Spirits reached a settlement with the parties and were dismissed from the case.  Doc. 44, Dismissal with Prejudice.

ANALYSIS

I.      **Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. at 248.

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab*., 992 F.2d 1033, 1036 (10th Cir. 1993). The moving party need not negate the nonmovant's claim, but rather must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc*., 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted). The nonmoving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment, *see Pueblo v. Neighborhood Health Ctrs., Inc.*, 847 F.2d 642, 650 (10th Cir. 1988), but rather must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citation omitted).

6

Upon a motion for summary judgment, the Court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp. 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998). If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law. *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

Because of the threadbare factual development of this case and because discovery had not closed at the time the parties briefed the summary judgment motion, the Court questions whether summary judgment is the appropriate procedure for resolving the legal issues raised by the Individual Defendants. *See* Doc. 39, MSJ, at 3–5. The Court's hesitation is bolstered by the fact that the Individual Defendants are essentially challenging whether Joe Hand Promotions' theory of liability is even permissible under federal law. *Id.* Therefore, the Individual Defendants' motion would be potentially better taken as a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings. *See* CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2713 (4th ed. 2016) (comparing the motion for summary judgment with various other potentially dispositive motions) (hereinafter "FEDERAL PRACTICE AND PROCEDURE"). However, the Court notes that, even when parties express confusion regarding the proper motion to file: "the courts naturally are reluctant to refrain from properly disposing of a motion merely because its form is incorrect." *Id.* This Court further hesitates to dismiss the Individual Defendants' filing without giving it proper consideration because the Individual Defendants are proceeding pro se. Doc. 39, MSJ, at 1.

The Federal Rules of Civil Procedure instruct this Court that it should interpret Rule 56, which governs motions for summary judgment, in the manner that best "secure[s] the just, speedy, and inexpensive determination of [the proceeding]." FED. R. CIV. P. 1.  Here, although there have been almost no facts alleged by either party, the facts appear mostly not to be in dispute.  *Compare* Doc. 39, MSJ, at 1, *with* Doc. 41, Opp. to MSJ, at 2–3.  Moreover, the Supreme Court in *Celotex* explained that a ruling on summary judgment can be based not only on undisputed evidence, but also the absence of evidence.  *Celotex v. Catrett*, 477 U.S. 317, 325 (1986).  "[A] material fact, if not alleged, is presumed not to exist."  GEORGE BLUM, ET AL, CORPUS JURUS SECUNDUM § 82 (Reuters 2016).  Following the above guidance from the Supreme Court, this Court will resolve the legal issue presented by the Individual Defendants and determine if, based on the limited facts presented, the resolution of this case on summary judgment is appropriate.

## II.    Choice of Law

To resolve the Individual Defendants' motion, the Court is required to resolve numerous questions of state law.  In order to reach those questions, this Court must determine which state law applies to the various causes of action asserted.  For example, the Individual Defendants, relying on Missouri law, assert that they are entitled to summary judgment on Joe Hand Promotion's conversion claims.  *See* Doc. 39, MSJ, at 6 (citing exclusively propositions of Missouri law).  There is no reason to believe Missouri law applies to this case.  The events at issue occurred in New Mexico and Defendants are all residents of New Mexico.  Doc. 39, Defs. MSJ, at 1 ¶ 2; Doc. 41, Opp. to MSJ, at 2, ¶¶ 1–3; *see* Doc. 41-1, Investigator Affidavit, at 1.  Joe Hand Promotions is incorporated and headquartered in Pennsylvania.  Doc. 16, 1st Amend. Compl., at 2 ¶ 8; Doc. 41, Opp. to MSJ, at 1.  Importantly, if Pennsylvania law applies to this

case, existing Pennsylvania precedent suggests that Joe Hand Promotions' conversion action cannot lie against the Individual Defendants. *Joe Hand Prods., Inc. v. Becchetti*, No. 12-1242, 2013 WL 4520638, at *2 (M.D. Pa. Aug. 26, 2013); *J & J Sports Prods., Inc. v. Chauca*, No. 14-6891, 2015 WL 7568389, at *9 n.10 (E.D. Pa. Nov. 25, 2015). Unfortunately for the Individual Defendants, it is clear that New Mexico law applies to the state law cause of action here.

    A.  <u>New Mexico Choice-of-Law Rules Apply</u>

     Under the doctrine established by *Erie R. Co. v. Tompkins* and its progeny, in cases where federal jurisdiction exists but state law is applied, the district courts of the United States apply substantive state law, but federal procedural rules. *See Erie*, 304 U.S. 64, 77–79 (1938); *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 554 (9th Cir. 2015); *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 517 (5th Cir. 2015); *Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1334 (D.C. Cir. 2015). As the Ninth Circuit explained in County of Orange, "[w]hen confronted with an *Erie* question, we first ask whether a Federal Rule of Civil Procedure or a federal law governs. If so, we will apply that rule—even in the face of a countervailing state rule—as long as it is constitutional and within the scope of the Rules Enabling Act." *In re Cty. of Orange*, 784 F.3d 520, 527 (9th Cir. 2015) (citations omitted). When no federal law governs the question at issue, federal courts must apply state law absent exceptional circumstances. *Royalty Network, Inc. v. Harris*, 756 F.3d 1351, 1358 (11th Cir. 2014); *Nat'l Liab. & Fire Ins. Co. v. R &R Marine, Inc.*, 756 F.3d 825, 835 (5th Cir. 2014). Although the *Erie* analysis is typically used in diversity cases, the same analysis also applies in causes of action arising under the Court's supplemental jurisdiction. *Promisel v. First Am. Artificial Flowers, Inc.,* 943 F.2d 251, 257 (2d Cir.1991) ("it is the source of the right, not the basis of federal jurisdiction, which determines the controlling law.").

When determining which state law to apply, federal district courts must apply the choice-of-law rules from the district in which they sit.  *Day & Zimmermann, Inc. v. Challoner*, 423 U.S. 3, 4–5 (1975); *Klaxon Co. v. Stentor Electric Mfg. Co*., 313 U.S. 487, 496 (1941).   As the Supreme Court explained in *Klaxon*:

> The conflict of laws rules to be applied by the federal court in Delaware must conform to those prevailing in Delaware's state courts.  Otherwise, the accident of diversity of citizenship would constantly disturb equal administration of justice in coordinate state and federal courts sitting side by side.

*Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 74–77 (1938)).  As a result of *Klaxon*, New Mexico choice-of-law rules govern the state law that applies in this case.

A. <u>New Mexico Tort law Applies</u>

Under New Mexico choice-of-law rules, "New Mexico courts have steadfastly applied the *lex loci delicti* rule in tort cases[.]"  *Terrazas v. Garland & Loman, Inc.*, 140 N.M. 293, 297 (2006).  The "doctrine of *lex loci delicti*" asserts that courts should apply "[t]he law of the place where the crime or wrong took place."  *Estate of Gilmore*, 124 N.M. 119, 122 (1997) (citing *Black's Law Dictionary* 630 (abr. 6th ed.1991)).   New Mexico courts have clarified that the "place of the wrong is the location of the last act necessary to complete the injury." *Wittkowski v. State Corrections Dep't,* 103 N.M. 526, 528 (N.M. Ct. App.1985), *overruled on other grounds by Silva v. State,* 106 N.M. 472, 477 (1987).  The New Mexico rule that tort actions must apply New Mexico law if the tort occurred in New Mexico usefully provides clear guidelines and prohibits forum shopping by plaintiffs and defendants.  *See* Henry Hansmann & Reinier Kraakman, *Toward Unlimited Shareholder Liability for Corporate Torts*, 100 YALE L.J. 1879, 1921–22 (1991) (hereinafter "*Hansmann & Kraakman*") (asserting that "the rules of tort law applied to a given accident should be those of the jurisdiction in which the tort occurred rather

than the jurisdiction in which the defendant firm was incorporated [because t]he contrary choice of law rule would give rise to an adverse selection problem").

Because conversion is a tort and the alleged act of conversion took place in New Mexico, New Mexico tort law applies here.

**III.**   **Individual Liability for Corporate Broadcast Piracy**

A.  Federal Statutory Allegations

Joe Hand Promotions' first and second causes of action assert that the Individual Defendants are liable for broadcast piracy allegedly conducted by their closely held company, Estrella Promotions, Inc.  Doc. 16, 1st Amend. Compl., at 3–4 ¶¶ 17–26 (alleging violations of 47 U.S.C. §§ 553 & 605).  47 U.S.C. § 553 states that: "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a)(1).  47 U.S.C. § 605 states that: "No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto."  47 U.S.C. § 605(a).  Both are provisions of the 1934 Communications Act that were subsequently revised by the Cable Communications Policy Act of 1984 and the Cable Television Consumer Protection and Competition Act of 1992.  *Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 129–30 (2d Cir. 1996); Carson S. Walker, *A La Carte Television: A Solution to Online Piracy?*, 20 COMM. L. CONSPECTUS 471, 474–77 (2012); Brian Fleming, *"Wire" Circuit Courts Split on Cable Piracy: The Fifth Circuit Examines Federal Telecommunications Law in J&J Sports Productions, Inc. v. Mandell Family Ventures*, 56 B.C. L. REV. E-SUPPLEMENT 18, 21 (2015) (hereinafter "*Flemming*").

Section 553 of the Communications Act establishes standards for the piracy of cable transmissions, while Section 605 establishes liability for the piracy of radio transmissions. *Int'l Cablevision, Inc.*, 75 F.3d at 129–30; *Flemming*, at 21. Because modern broadcast signals are transmitted through multiple media, courts reached differing conclusions regarding the applicability of the different statutory provisions. *See, e.g., J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.,* 751 F.3d 346, 352 (5th Cir. 2014) (holding that section 553 exclusively governs communications that ultimately end up as cable transmissions even if they originated as radio transmissions); *United States v. Norris*, 88 F.3d 462, 465 (7th Cir. 1996) (same); *contra Int'l Cablevision*, 75 F.3d at 130, 133 (holding section 605 applies to piracy of cable wire transmission which originated as radio or satellite transmission). In March of 2015, this Court joined the majority of federal courts in holding that Section 605 does not apply to multi-step transmissions that include transmissions by cable and that such actions can exclusively be asserted under Section 553. *Joe Hand Promotions, Inc. v. Susan Hamilton Dick*, No. 13-1191, at 4–5 (D.N.M. March 26, 2015) (Vázquez, J.).[3]

B. Claims for Individual Liability

Here, the Individual Defendants argue in their Motion for Summary Judgment that the law precludes individual liability for corporate piratical misconduct pursuant to Sections 553 and 605 of the Communications Act except in very limited circumstances. Doc. 39, MSJ, at 3–5. Joe Hand Promotions, by contrast, asserts that Sections 553 and 605 provide broad individual liability for the officers of corporations that commit broadcast piracy. Doc. 41, Opp. to MSJ, at 3–5. The Court notes at the outset that although the question of individual liability for corporate

---

[3] Although this Court granted a motion for summary judgment regarding the Section 605 cause of action in an almost identical case brought by the same plaintiff, the Defendants have not moved for summary judgment under Section 605 here and therefore the Court does not address the issue herein.

misconduct is traditionally determined by the common law "piercing-the-corporate-veil" test, neither party has asserted that test applies here. *Compare id*, *with* Doc. 39, MSJ, at 3–5; *see J & J Sports Prods., Inc. v. Torres*, 2009 WL 1774268, at *3 (M.D. Fla. June 22, 2009) (addressing the claim that a broadcast piracy plaintiff could not allege a cause of action against individual corporate shareholders for the actions of the corporation without piercing the corporate veil). Instead, Defendants assert that the heightened "no distinction" test used by the District of Minnesota in *Joe Hand Promotions, Inc. v. Sharp*, is most applicable. 885 F. Supp. 2d 953, 956 (D. Minn. 2012). Under the no distinction test, a plaintiff cannot recover against individual defendants for the misconduct of their corporation unless "no distinction" exists "between the individual's actions and that of his corporation." *Id.*

Contrary to the position taken by the Individual Defendants, Joe Hand Promotions argues that the Court should apply the capacious standard used by Judge Martinez in an unpublished case from the District of Colorado. *See DIRECTV, LLC v. Taylor*, No. 13-2551, 2014 WL 3373448, at *2 (D. Colo. July 10, 2014) ("the plaintiff need only show that the individual defendant had the 'right and ability to supervise' the violations, and that she had a 'strong financial interest' in exploiting the [pirated] materials" in order to find an individual liable for the piratical acts of a corporation). The District of Colorado apparently imported this standard from the Eastern District of New York, which in turn imported the standard for individual liability that is commonly used in copyright cases without explaining its reasoning for doing so. *See id.* (citing *J & J Sports Prods., Inc. v. Benson*, 2007 WL 951872, at *7 (E.D.N.Y. Mar. 27, 2007)). In that case, the Eastern District of New York held that: "To establish vicarious liability, ... [plaintiff] must show that ... [the individual defendant] had a 'right and ability to supervise' the infringing activities and had 'an obvious and direct financial interest in the exploitation of

[the] copyrighted materials.'" (brackets and omissions original) (citations omitted); *see J & J Sports Productions, Inc. v. Flores,* 913 F. Supp. 2d 950, 955 (E.D. Cal.2012) (tracing this genealogy).  This is a matter of first impression in the District of New Mexico.

In assessing these competing standards, the Court is left in a quandary.  The Northern District of Illinois, the Middle District of Florida, and the District of Columbia have all pointed out that there is no obvious reason why the New York court would import the copyright standard into a case about broadcast piracy.  *J & J Sports Prods., Inc. v. Resendiz,* No. 08–4121, 2009 WL 1953154, at *2 n. 1 (N.D. Ill. July 2, 2009) ("[W]e are skeptical that the doctrine ... should be extended to broadcast piracy actions."); *J & J Sports Prods., Inc. v. Torres,* No. 06–391, 2009 WL 1774268, at *4 (M.D. Fla. June 22, 2009) ("[T]he Court is not convinced that the test for [individual] liability under the Copyright Act should be extended to the [FCA]."); *Joe Hand Promotions, Inc. v. Wright*, 963 F. Supp. 2d 26, 28–29 (D.D.C. 2013) (same).  As the Middle District of Florida explained:

> the Court is not convinced that the test for vicarious liability under the Copyright Act should be extended to the CCPA on these facts.  Critically, [plaintiff] does not address the important distinction that the Copyright Act and the CCPA are different statutes. There is no indication . . . that the two Acts share a common legislative history or that the policy behind the vicarious liability rule should apply[.]

*J & J Sports Productions, Inc.*, 2009 WL 1774268, at *4.  The Court agrees with the Middle District of Florida that the reasoning federal courts have employed for importing the liability standard from the Copyright Act into the Communications Act is unclear.

However, following the Eastern District of New York, the vast majority of districts to address the question have determined that the "right and ability to supervise" test from copyright law is the appropriate test.  *See Joe Hand Promotions, Inc. v. Wright*, 963 F. Supp. 2d 26, 28–29 (D.D.C. 2013) (summarizing authority); *Joe Hand Promotions, Inc. v. Hart*, No. 11-80971-CIV,

2012 WL 1289731, at *3 (S.D. Fla. Apr. 16, 2012) (same).  Furthermore, the Court's sister district in Colorado has chosen to adopt the "right and ability to supervise" test.  *See DIRECTV, LLC v. Taylor*, No. 13-2551, 2014 WL 3373448, at *2 (D. Colo. July 10, 2014).  Thus, adopting an alternative standard such as the common law "piercing the corporate veil" standard or the "no distinction" standard from the District of Minnesota would cause a split in authority within the districts in the Tenth Circuit.

While the Court is troubled about reading the standard for individual liability from the Copyright Act into the Communications Act, the Court is somewhat comforted by the fact that this truly does appear to be the practice in the overwhelming majority of federal courts.  *See, e.g.*, *Circuito Cerrado, Inc. v. Pizzeria y Pupuseria Santa Rosita, Inc.,* 804 F. Supp. 2d 108, 112–13 (E.D.N.Y. 2011);  *J & J Sports Productions, Inc. v. 291 Bar & Lounge, LLC,* 648 F. Supp. 2d 469, 473 (E.D.N.Y. 2009); *J & J Sports Productions, Inc. v. Flores,* 913 F. Supp. 2d 950, 955 (E.D. Cal. 2012); *Joe Hand Promotions, Inc. v. Cain,* No. 06–12213, 2006 WL 2466266, at *2 (E.D. Mich. Aug. 24, 2006); *Joe Hand Promotions, Inc. v. Hart,* No. 11–80971, 2012 WL 1289731, at *3 (S.D. Fla. Apr. 16, 2012); *J & J Sports Productions, Inc. v. Mayreal II, LLC,* 849 F. Supp. 2d 586, 589 n. 5 (D. Md. 2012); *J & J Sports Productions, Inc. v. Ribeiro,* 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008).  Furthermore, there is some similarity between claims of copyright violation and claims of broadcast piracy: both often involve unlawful appropriations of intellectual property that include displays of visual entertainment such as the Championship Fight at issue in this lawsuit.

Finally, adopting the Copyright Act standard is good policy because individual liability of corporate shareholders for corporate malfeasance incentivizes compliance with the Communications Act.  Scholarship over the last 30 years has increasingly demonstrated that

limited individual liability for equity shareholders and corporate officers encourages corporations to overinvest in behavior that is damaging to the public. *Hansmann & Kraakman*, at 1881 ("strong empirical evidence indicates that increasing exposure to tort liability has led to the widespread reorganization of business firms to exploit limited liability to evade damage claims."); STEPHEN B. PRESSER, PIERCING THE CORP. VEIL § 1:12 (Reuters 2015) (hereinafter "PIERCING THE CORP. VEIL") (the use of the corporate veil to avoid shareholder liability "has come under increasing public criticism in the last four decades[.]"). As is frequently pointed out, the liability shield provided by the corporate law forces large social costs onto involuntary creditors and encourages corporate malfeasance. *See, e.g.*, Phillip I. Blumberg, *Limited Liability and Corporate Groups*, 11 J. CORP. L. 573, 617 (1986); *Hansmann & Kraakman*, at 1881 ("placing hazardous activities in separate subsidiaries seems to be the dominant mode of insulating assets in the tobacco and hazardous waste industries. In contrast, disaggregating or downsizing firms seems to be the primary strategy for avoiding liability in the chemical industry and, more recently, in the oil transport industry."); PIERCING THE CORP. VEIL at § 110 (summarizing the literature regarding the problem of involuntary tort creditors). As Professors Hansmann and Kraakman have demonstrated:

> limited liability in tort cannot be rationalized for either closely-held or publicly-traded corporations on the strength of the conventional arguments offered on its behalf. In fact, there may be no persuasive reasons to prefer limited liability over a regime of unlimited pro rata shareholder liability for corporate torts. The question remains open chiefly because the merits of limited liability depend, as we demonstrate, on empirical issues that are difficult to resolve on the basis of available evidence. At a minimum, however, we conclude that the burden is now on the proponents of limited liability to justify the prevailing rule.

*Hansmann & Kraakman*, at 1880. As a result, when presented with a case of first impression, this Court is disinclined to extend the liability shield that is commonly and erroneously afforded to corporations in cases of tortious wrongdoing.

16

For the foregoing reasons, this Court declines to adopt the minority position taken by the District of Minnesota and instead joins the vast majority of federal courts, including the District of Colorado, in imposing the individual liability standards from the Copyright Act in cases brought under Section 553 and Section 605 of the Communications Act.   *See Joe Hand Promotions, Inc. v. Wright*, 963 F. Supp. 2d 26, 28–29 (D.D.C. 2013).   To prevail on its individual liability theories under these sections, Joe Hand Promotions must demonstrate that the Individual Defendants "had the 'right and ability to supervise' the violations" of the piracy statutes and that the Individual Defendants had "a 'strong financial interest' in exploiting the [pirated] materials" in order to find the Individual Defendants liable for the acts of their corporation.   *DIRECTV, LLC v. Taylor*, No. 13-2551, 2014 WL 3373448, at *2 (D. Colo. July 10, 2014) (citations omitted).

Here, the undisputed facts demonstrate that the Individual Defendants did exercise control over Estrella Promotions, Inc.  In its opposition brief, Joe Hand Promotions asserted that the Individual Defendants jointly and exclusively owned, operated, and controlled Estrella Promotions.  Doc. 41, Opp. to MSJ, at 2, ¶¶ 2–7.  Defendants never contested these facts and instead filed a notice that they did not intend to file a reply brief.  Doc. 45.  In short, the undisputed facts show that the Individual Defendants had a right and ability to supervise the streaming of the Championship Fight.  Furthermore, the affidavits submitted by the Individual Defendants demonstrate that they allowed the streaming of sporting events in Copa Cabana Nightclub in order to sell alcohol to Copa Cabana patrons and thus increase their profits.  Doc.

39-1, Affidavit of Aidee Rueda, at 2 ¶ 7; Affidavit of Gene Chavez, at 2 ¶ 7.   Consequently, the Individual Defendants had a strong financial incentive to stream the Championship Fight.[4]

Because Joe Hand Promotions has adequately alleged sufficient facts to demonstrate the individual liability of the Individual Defendants, the Individual Defendants' Motion for Summary Judgment is DENIED as to the Section 553 and Section 605 causes of action.

## IV.   <u>Conversion Claims</u>

The Individual Defendants also move for summary judgment on Joe Hand Promotions' conversion cause of action.  Doc. 39, MSJ, at 6.  As explained above, although neither party has plausibly asserted which state's law of conversion apples to this case, the Supreme Court's decisions in *Erie* and *Klaxon* dictate that New Mexico conversion law applies.  *See* Section II, *supra*.  The Individual Defendants assert three bases for summary judgment on Joe Hand Promotion's conversion claim: (1) the Individual Defendants cannot be held liable without "piercing the corporate veil," (2) the conversion claim cannot lie against the Defendants because this would constitute "double recovery," and (3) since the Individual Defendants never physically possessed the equipment to display the Championship Fight, the "possession" element of a conversion claim cannot be satisfied.  Doc. 39, MSJ, at 6–8.  These claims will be addressed in reverse order.

### A.  <u>Possession Element of Conversion</u>

Under New Mexico law, criminal conversion occurs "[w]hen a person having possession of another's property treats the property as his own[.]"  *State v. Archie*, 123 N.M. 503, 506 (1997).  A Subsequent decisions from the New Mexico Supreme Court established the standard

---

[4] The Court notes that although the Individual Defendants were the owners and operators of a closely held corporation, the Court would not limit its analysis to such corporations.  Under federal law, any shareholder, and not just a controlling shareholder, has a "strong financial interest" in for-profit piracy.

for determining civil conversion, holding that: "Conversion is the unlawful exercise of dominion and control over property belonging to another in defiance of the owner's rights, or acts constituting an unauthorized and injurious use of another's property, or a wrongful detention after demand has been made." *Sec. Pac. Fin. Servs. v. Signfilled Corp.,* 125 N.M. 38, 43 (1998). Importantly, "[a]n essential element of a conversion claim is that the defendant exercise dominion or control over the property of another." *Wilde v. Westland Dev. Co.*, 148 N.M. 627, 641 (N.M. Ct. App. 2010). The Individual defendants assert that Joe Hand Promotions' conversion claim must be dismissed on summary judgment because Joe Hand Promotions has produced no evidence that the Individual Defendants had actual possession of the equipment by which the Championship Fight was displayed in the Copa Cabana Nightclub. Doc. 39, MSJ, at 6–7.

The "possession" inquiry is admittedly more complicated when the property right that is subject to conversion is the broadcast of an electromagnetic signal rather than the possession of a tangible, portable object. Under New Mexico law, the relevant "possession" inquiry is whether the Individual Defendants exercised "dominion or control" over the broadcast of the Championship Fight. *Wilde*, 148 N.M. at 641. Here, a genuine factual dispute exists. Joe Hand Promotions has demonstrated that the Individual Defendants owned Estrella Promotions, Inc., which owned and operated Copa Cabana Nightclub. Doc. 39, Defs. MSJ, at 1 ¶ 2; Doc. 41, Opp. to MSJ, at 2, ¶¶ 1–7. Moreover, it is undisputed that on February 23, 2013, the Championship Fight was displayed in Copa Cabana Nightclub. Doc. 41, Opp. to MSJ, at 2 ¶ 1. Finally, the affidavits of the Individual Defendants demonstrate that they encouraged the streaming of live sporting events at the Copa Cabana Nightclub and that they benefitted from the for-profit streaming of those events. Doc. 39-1, Affidavit of Aidee Rueda, at 2 ¶ 7; Affidavit of Gene

Chavez, at 2 ¶ 7.  This is sufficient to create a legitimate factual dispute regarding the Individual Defendants' dominion or control over the broadcast of the Championship Fight.

In short, based on the foregoing undisputed facts, the Individual Defendants have not proven that they did not exercise dominion or control over the broadcast of the Championship Fight on February 23, 2013.  Resolution of this matter in favor of the Individual Defendants is therefore inappropriate on summary judgment.

B.  Double (or Triple) Recovery

The Individual Defendants' second basis for dismissing the conversion cause of action is because if Joe Hand Promotions recovered under all the theories alleged in the complaint, Joe Hand Promotions would be recovering multiple times for the same alleged misconduct by the Defendants.  The Individual Defendants cite several cases where federal courts prohibited double recovery for broadcast piracy, including *Joe Hand Promotions, Inc. v. Dock St. Enterprises, Inc.*, No. 11-1973, 2011 WL 6141058, at *5 n.5 (D. Md. Dec. 8, 2011) and *J & J Sports Prods., Inc. v. J.R. "Z Neighborhood Sports Grille, Inc.*, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010), *report and recommendation adopted*, No. 09-3141, 2010 WL 1838428 (D.S.C. May 6, 2010).

The Court agrees with the Individual Defendants that double recovery is not permissible in this case.  In fact, Joe Hand Promotions has alleged three different theories of damages here – one theory under Section 553 of the Communications Act, one theory under Section 605 of the Communications Act, and one theory under the New Mexico common law of tortious conversion.  Doc. 16, 1st Amend. Compl., at 3–4.  This Court has already ruled that a plaintiff may not recover under both Section 553 and Section 605 of the Communications Act for the same conduct.  *Joe Hand Promotions, Inc. v. Susan Hamilton Dick*, Civ. No. 13-1191, at 4–5 (March 26, 2015) (Vázquez, J.).  This Court also joins every court that has addressed the issue in

holding that Joe Hand Promotions cannot double recover under the common law of conversion and the federal laws that govern broadcast piracy. *E.g.*, *J & J Sports Prods., Inc. v. Chauca*, No. 14-6891, 2015 WL 7568389, at *9 n.10 (E.D. Pa. Nov. 25, 2015).

However, while the Court agrees with the Individual Defendants that double (or triple) recovery is not permissible here, the Court is concerned that the Individual Defendants seem to misunderstand the procedural posture of this case. The Court cannot grant summary judgment for the Individual Defendants on this issue because no judgment has been entered against the Individual Defendants. In the cases cited by the Individual Defendants, the courts granted either summary judgments or default judgments in favor of the plaintiffs and determined the damages to be awarded. *See, e.g., Joe Hand Promotions, Inc. v. Dock St. Enterprises, Inc.*, No. 11-1973, 2011 WL 6141058, at *5 n.5 (D. Md. Dec. 8, 2011); *J & J Sports Prods., Inc. v. J.R. "Z Neighborhood Sports Grille, Inc.*, 2010 WL 1838432, at *2 (D.S.C. Apr. 5, 2010), *report and recommendation adopted*, 2010 WL 1838428 (D.S.C. May 6, 2010); *J & J Sports Prods., Inc. v. Chauca*, No. 14-6891, 2015 WL 7568389, at *9 n.10 (E.D. Pa. Nov. 25, 2015). The courts in those cases held, as a matter of damages law, that the plaintiffs in those actions could only recover damages once for the misconduct alleged. *Id*. Since no judgment had been rendered in this case, the cases cited by the Individual Defendants are inapplicable at this stage in the proceedings.

Although it would be inappropriate for this Court to issue a ruling on Joe Hand Promotions' damages at this time, the Court notes that it may have misunderstood the (pro se) Individual Defendants' argument. If the Individual Defendants were arguing instead that it is impermissible for Joe Hand Promotions to even assert multiple causes of action, the Individual Defendants would be wrong. The Federal Rules of Civil Procedure do allow plaintiffs to plead

multiple causes of action.  FED. R. CIV. P. 8(d)(2).  Rule 8 provides that: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically . . . . A party mate state as many separate claims or defenses as it has, regardless of consistency."  FED. R. CIV. P. 8(d)(2)–(3). This practice is commonly called "pleading in the alternative." *See* FEDERAL PRACTICE & PROCEDURE at § 1282.  Thus, while a plaintiff may not "double recover" for the same injury, the federal rules actually encourage plaintiffs to assert multiple causes of action. This prevents cases from being litigated multiple times under different legal theories and preserves judicial resources.

Because it is appropriate that Joe Hand Promotions plead multiple causes of action in this case, and because genuine issues of material facts exist regarding each of those theories, the Individual Defendants' motion for summary judgment must be denied as to this basis.  The Individual Defendants may move to remit Joe Hand Promotions' damages if and when those damages are determined.

C.   Piercing the Corporate Veil

Finally, the Individual Defendants assert that they cannot be held individually liable for conversion committed by Estrella Promotions, Inc., of which they are the officers, owners, and operators, because general rules of limited liability shield them.  Doc. 39, MSJ, at 4.

Under New Mexico law, a corporation is considered to have committed an action when that action is committed by "an officer or an employee of a corporation, within the scope or course of [his] [her] employment[.]"  New Mexico Uniform Jury Instruction No. 13-409, http://public.nmcompcomm.us/nmpublic/gateway.dll/?f=templates&fn=default.htm         (last accessed July 22, 2016); *see Segura v. Molycorp, Inc.*, 97 N.M. 13, 19–20 (1981) (reciting New Mexico principles of agency law that apply to corporations).  Once it is determined that a cause

of action is appropriately asserted against a corporation, an employee of that corporation typically cannot be held liable for that same action. *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 437–38 (1994); *see* PIERCING THE CORP. VEIL § 2:32; Robert B. Thompson, *Piercing the Corporate Veil: An Empirical Study*, 76 Cornell L. Rev. 1036, 1051 (1991) (listing veil-piercing statistics for New Mexico). Thus, under general principles of New Mexico law, Mr. Chavez and Ms. Rueda cannot be held liable for the same conduct for which Estrella Promotions, Inc. may be held liable. *Bourgeous*, 117 N.M. at 437–38.

However, the New Mexico Supreme Court has made an exception to the rule against employee and officer liability in the case of intentional torts. *Id.* Because conversion is an intentional tort, RESTATEMENT (SECOND) OF TORTS § 222A (AM. LAW INST. 1965), the Individual Defendants may still be held liable for conversion if a trier of fact determines that they intentionally "exercise[d] dominion and control over property belonging to another in defiance of the owner's rights[.]" *Sec. Pac. Fin. Servs. v. Signfilled Corp.,* 125 N.M. 38, 43 (1998).

Here, questions of fact remain regarding the scope of the Individual Defendants' dominion and control over the broadcast of the Championship Fight at Copa Cabana Nightclub on February 23, 2013. *See* Section IV(A), *supra*. As a result, summary judgment must be denied.

## CONCLUSION

This Court declines to adopt the minority position regarding corporate veil piercing in broadcast piracy cases. Instead, this Court concludes, in line with the majority of federal courts, that the owners and officers of a company that commits broadcast piracy may be held liable for the acts of their corporation when those officers or owners have a right and ability to supervise the actions of their corporation and a strong financial incentive to commit unlawful conduct.

At this time, legitimate factual disputes exist regarding the scope of control the Individual Defendants exercised over the streaming of the Championship Fight in Copa Cabana Nightclub on February 23, 2013.

The Individual Defendants have raised legitimate concerns regarding the scope of Joe Hand Productions' damages in this case.  However, these concerns are better addressed once liability has been determined and evidence of damages has been presented.  Nothing in this Memorandum Opinion and Order should be read to preclude the Individual Defendants from making their arguments regarding damages during trial or pursuant to a valid post-trial motion.

**IT IS THEREFORE ORDERED** that the Individual Defendants Motion for Summary Judgment [Doc. 39] is **DENIED**.


DATED this 3rd day of August, 2016.

_____
MARTHA VAZQUEZ
United States District Judge